

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Geo. H. Shepperd
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-6757
Re: Whether residence homesteads
in the City of Corpus Christi
are now entitled to homestead
exemption provided for in Sec-
tion 1-a of Article VIII of
the Constitution.

Your request for opinion on the captioned subject
encloses a letter from the Honorable W. C. Allen, Tax Assessor-
Collector of Nueces County, which reads as follows:

"I will thank you to review or have reviewed
for me Attorney General's Opinion No. O-1132, par-
ticularly as it applies to homestead exemption of
residents in the City of Corpus Christi. This
opinion sets out in detail the different Acts by
which the remission of taxes have been made to
the City of Corpus Christi, and it will not be
necessary to restate these Acts in this letter.

"This opinion holds in effect that the home-
steads in the City of Corpus Christi at the time
the bonds were voted are not entitled to the home-
stead exemptions granted by the Constitutional
Amendment in 1933, by Section 1a of Article 8 of
the State Constitution.

"It appears to me that there is a gross in-
justice with reference to the homestead exemption
for not applying to the people living within the
corporate limits of the City of Corpus Christi,
when the persons living in the suburbs of Corpus

Honorable Geo. H. Sheppard, Page 2

Christi are enjoying the benefits of the Constitutional Amendment allowing homestead exemptions.

"For your information you are advised that the City of Corpus Christi has grown tremendously in area since the passage of the Acts enumerated in Opinion No. O-1132 and since the citizens of Corpus Christi voted bonds which were to be retired by State ad valorem taxes remitted to the City of Corpus Christi. It occurs to me that the people who own homes in additions that have been brought into the corporate limits of the City of Corpus Christi since the bonds above mentioned were voted, might be entitled to the homestead exemptions authorized by the amendment to the Constitution.

"It is my understanding that there was only one bond issue voted by the City of Corpus Christi which was to be retired by State ad valorem taxes between the date of the original issue and the date the Constitutional Amendment was adopted. There have been a number of issues since the date of the adoption of the Constitutional Amendment.

"Since there is a surplus of money in the sinking fund for the retirement of these bonds and since the revenue derived from the taxes levied against the homesteads within the corporate limits of the City of Corpus Christi are not necessary for the retirement of the above mentioned bonds, if it can be done in any way, I should like very much for the resident home owners of Corpus Christi to be granted the privilege of the homestead exemption.

". . . ."

The Act donating taxes to the City of Corpus Christi, Acts 1921, 37th Legislature, Chapter 138, page 270, provides that:

"For a period of twenty-five years commencing with the fiscal year, beginning September 1, 1921, there be and hereby are donated and granted by the State of Texas, to the City of Corpus Christi the net amounts of all State ad valorem taxes collected

Honorable Geo. H. Sheppard, Page 3

upon the property from persons in counties of Jim
Wells, Jim Hogg, Brooks, Kleberg, Willacy and Duval
and all the net amounts of all State ad valorem
taxes collected upon the property and from persons
in the County of Nueces not heretofore donated to
the City of Corpus Christi."

In 1923 the City of Corpus Christi issued seawall
bonds totaling $2,000,000, which will mature April 10, 1946.
At the present time #150,000 of these bonds are outstanding.

In 1933 there was adopted an amendment to the Con-
stitution of Texas, which is Section 1-a of Article VIII, and
which reads as follows:

"Three Thousand Dollars ($3,000.00) of the
assessed taxable value of all residence homesteads
as now defined by law shall be exempt from all tax-
ation for all State purposes; provided that this
exemption shall not be applicable to that portion
of the State ad valorem taxes levied for State pur-
poses remitted within those counties or other poli-
tical subdivisions now receiving any remission of
State taxes, until the expiration of such period
of remission, unless before the expiration of such
period the board or governing body of any one or
more of such counties or political subdivisions
shall have certified to the State Comptroller that
the need for such remission of taxes has ceased to
exist in such county or political subdivision; then
this Section shall become applicable to each county
or political subdivision as and when it shall be-
come within the provisions hereof." (Emphasis ours)

In 1938 the City issued more seawall bonds, of which
series there are now outstanding $100,000.

In 1939 the Legislature amended the 1921 Act of do-
nation. Acts 1939, 46th Legislature, House Bill No. 52. Sec-
tion 1 of this Act provides in part:

"That commencing with the fiscal year begin-
ning September 1, 1921, and ending September, 1956,
there be and are hereby donated and granted by the
State of Texas to the City of Corpus Christi the

Honorable Geo. H. Sheppard, Page 4

net amounts of all State ad valorem taxes collected upon the property and from persons in the Counties of Jim Wells, Jim Hogg, Brooks, Kleberg, Willacy and Duval and all the net amounts of all State ad valorem taxes collected upon the property and from persons in the County of Nueces not heretofore donated to the City of Corpus Christi by Act of the Thirty-fifth Legislature of the State of Texas known as House Bill No. 694, including such State ad valorem taxes as may be due said Counties on the rolling stock belonging to railroad companies which shall be ascertained and apportioned to said Counties as now provided by law; provided that from and after September 1, 1946, Three Thousand Dollars ($3,000) of the assessed taxable value of all residence homesteads, as now defined by law in said above-named Counties, shall be exempt from all taxation for the purposes enumerated in this Act as well as for all State purposes."

In 1939 the City issued additional seawall bonds in the amount of $1,150,000.

In 1940 the City issued additional bonds of $500,000.

In 1944 the City issued another $1,250,000 of such bonds.

The City uses only one sinking fund to defray all principal and interest maturities of the various bond issues referred to above. The condition of such bonds and of the sinking fund is well illustrated by this schedule furnished by the Controller of the City of Corpus Christi:

| | | Requirements Next Twelve Months for | |
| "Series | Outstanding | Principal | Int. & Exchange |
|---|---|---|---|
| 1923 | 150,000.00 | 150,000.00 | 7,668.76 |
| 1938 | 100,000.00 | 100,000.00 | 4,611.26 |
| 1939 | 1,150,000.00 | none | 50,375.62 |
| 1940 | 500,000.00 | none | 12,531.26 |
| 1944 | 1,250,000.00 | 250,000.00 | 25,312.50 |
| Totals | 3,150,000.00 | 500,000.00 | 100,499.40 |

Sinking fund--one for all five
    series:
        Cash    153,527.50
        Securities (U.S. Bonds)  538,500.00

        Total    692,027.50"

Honorable Geo. H. Sheppard, Page 5

The City of Corpus Christi was receiving a grant of taxes at the time of the adoption of the Constitutional Amendment in 1933. We think this constitutes a "remission" of such taxes within the meaning of the exception to the exemption. The result of denying the exemption necessarily will be that the tax burden will be heavier in the City of Corpus Christi, but such is the language and manifest purpose of the Constitution. As the Supreme Court said in City of Aransas Pass v. Keeling, 247 S. W. 818:

"It is because of the special benefits to particular cities and counties that special burdens on property within their boundaries, through taxation, are justified."

This unquestionably was the view of the framers of this Section of the Constitution, and consequently that of the people of Texas in voting it, that the special benefits received by such cities as Corpus Christi from the construction of these improvements within their boundaries was sufficient cause for denying them the exemption until the expiration of the respective periods of remission.

It is true that only one bond issue was made by the City of Corpus Christi prior to the Constitutional Amendment. However, the amendment of the Act of donation in 1939 continued the donation of 1921 for an additional ten years, and all of the bonds issued under the donation as extended must be considered for the purpose of deciding whether the residence homesteads in the City are entitled to the exemption at this time. It is not enough that the bond issue of 1923 alone can be serviced out of the present sinking fund. An inspection of the schedule furnished by the City Controller quoted above will show that the need for such remission has not ceased; nor is the sinking fund sufficient to service all of the bonds outstanding for the remainder of their terms. The Constitutional provision is quite clear. The exemption can not be applicable to residence homesteads in the City until one of two events shall occur: (1) the period of remission must expire; or (2) before the expiration of such period of remission the governing body must certify to the State Comptroller that the need for such remission of taxes has ceased to exist. The residents of the City are now receiving the very gratuity referred to in the Constitution, and the residence homesteads therein cannot be entitled at this time to the exemption therein referred to.

7'12

Honorable Geo. H. Sheppard, Page 6


        In his letter, Mr. Allen refers to the territory
annexed to the City of Corpus Christi since the Acts of dona-
tion were passed, and suggests that perhaps the homeowners
therein would be entitled to the homestead exemption. This
department ruled on this question in Opinion No. 0-6336, a
copy of which is hereto attached.

        We are not expressing any opinion regarding the
provision in the  Act of 1939 that from and after September 1,
1946, the residence homesteads in the named Counties shall be
entitled to exemption because this is not before us.

        Trusting that the foregoing fully answers your in-
quiry, we are

                                    Yours very truly

                                    ATTORNEY GENERAL OF TEXAS

        AUG 31 1945

                                    By  Arthur L. Moller
                                            Arthur L. Moller
                                              Assistant

ALM:mp

Enclosure



COMMITTEE
BY
CHAIRMAN